HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ATIF AHMAD RAFAY,

    Petitioner,

    v.

MICHAEL OBENLAND,

    Respondent.

Case No. 2:16-cv-01215-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Petitioner's Objections to Magistrate Judge's Report and Recommendation (Dkt. # 64) and Petitioner's Motion for Leave to File Amended and Overlength Objections to Magistrate Judge's Report and Recommendation (Dkt. # 66).

## II.   DISCUSSION

The background of this matter is detailed in the Report and Recommendation ("Report") of the Honorable Mary Alice Theiler, United States Magistrate Judge, and will not be repeated here.  Dkt. # 58.

**A.   Motion for Leave to File Amended and Overlength Objections**

Judge Theiler entered the Report on January 28, 2020. *Id.* at 49.  In the Report, she recommended that Petitioner Atif Ahmad Rafay's amended petition for writ of habeas corpus be denied and that this action be dismissed with prejudice. *Id.*  Objections

ORDER – 1

to the Report were initially due on February 18, 2020, *id.* at 49-50, but after obtaining three extensions, Mr. Rafay ultimately filed his objections more than four months later, Dkt. # 64. The objections were 31 pages long. *Id.* Respondent responded. Dkt. # 65. Citing Local Civil Rule 72, which states that objections to a magistrate's recommended disposition shall not exceed 12 pages, Respondent also requested that the Court strike the 19 surplus pages of Mr. Rafay's objections. Dkt. # 65 at 2.

Weeks after filing his initial objections, Mr. Rafay sought leave to file amended and overlength objections. Dkt. # 66. He claimed that this was warranted "because this is a complicated case and current restrictions on prison visitation hindered [Mr. Rafay's] ability to participate in drafting the [initial] objections." Dkt. # 66. Respondent opposed the request. Dkt. # 69.

Under Local Civil Rule 72, "except as otherwise provided by court order or rule, objections to a magistrate judge's order or recommended disposition . . . shall not exceed twelve pages." Local Rules W.D. Wash. LCR 72. "District courts have broad discretion in interpreting and applying their local rules." *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). That said, because local rules "have the force of federal law," district courts must still adhere to them. *All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (quoting *In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir.2011)). A departure is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook it." *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (alteration omitted) (quoting *Martel v. County of Los Angeles*, 21 F.3d 940, 947 n.4 (9th Cir. 1994)).

The Court finds the Report well-reasoned and Mr. Rafay's objections—both as originally submitted and as amended—without merit. Given that, a departure from Local Rule 72 here is slight and unimportant. The Court thus accepts Mr. Rafay's amended objections but ultimately overrules them.

ORDER – 2

### B. Objections to the Report

In his amended petition for habeas corpus, Mr. Rafay asserted four grounds for relief. Dkt. # 34 at 70, 77, 82, 90. Judge Theiler's 50-page Report amply explains why each fails as a matter of law, and the Court fully concurs. Mr. Rafay's objections largely restate the arguments that he made in his petition, which the Report has already analyzed and rejected.

There is one objection that the Court will address. Sebastian Burns and Mr. Rafay were co-defendants in the murder trial that underlies this case. Like Mr. Rafay, Mr. Burns was convicted of three counts of aggravated first-degree murder. Dkt. # 58 at 6. Years ago, Mr. Burns filed a federal habeas petition, asserting that the statements that he made to undercover officers were obtained through coercion and were thus improperly admitted at the murder trial. *Burns v. Warner*, 2:14-cv-00850-MJP, 2015 WL 9165841, at *5 (W.D. Wash. July 2, 2015), *report and recommendation adopted*, 2015 WL 8969538 (W.D. Wash. Dec. 16, 2015), *aff'd*, 689 F. App'x 485 (9th Cir. 2017). The district court dismissed that petition. 2015 WL 8969538, at *7. It concluded that the Washington Court of Appeals (which affirmed both Mr. Rafay's and Mr. Burns's conviction) did not "unreasonably appl[y] clearly established federal law" when it determined that Mr. Burns's "confession was not the result of coercion." *Id.* at *1, *7. And on appeal the Ninth Circuit affirmed. 689 F. App'x 485

Like Mr. Burns, Mr. Rafay also filed a petition for habeas corpus, claiming that the "[a]dmission of statements gathered during Canada's Mr. Big operation violated [his] due process rights under the Fifth and Fourteenth Amendments." Dkt. # 34 at 70. His petition relies primarily on coercive statements that were made not to him but to Mr. Burns. *Id.* at 72-77.

Given that the issue of Mr. Burns's coerced confession was decided in Mr. Burns's habeas action, Judge Theiler did not revisit the issue in her Report. Dkt. # 58 at 17-18. Mr. Rafay objects. He says that by failing to revisit the issue, Judge Theiler

ORDER – 3

erroneously applied the "law-of-the-case" doctrine and that Mr. Burns's habeas action does not bind the Court here. Dkt. # 66-1 at 8-9. In short, Mr. Rafay seeks to revisit the issue anew. *Id.* at 8-26. If the Court refuses, Mr. Rafay says he will be deprived of due process because he "was not a party to Mr. Burns's litigation and his argument before the magistrate judge was distinct and more comprehensive than that presented by Mr. Burns." *Id.* at 9.

But Judge Theiler did not invoke or rely on the law-of-the-case doctrine—indeed, the Report does not mention the doctrine at all. Dkt. # 58. Judge Theiler simply explained that the Report would not "revisit issues concerning the admissibility of the statements made by Mr. Burns to the undercover officers as those issues were soundly decided in Mr. Burn[s]'s federal habeas action." Dkt. # 58 at 17-18. In any event, for circumspection, the Court holds the following: to the extent that Mr. Rafay's habeas petition relies on coercive statements made not to him but to Mr. Burns, the petition fails for the same reasons that Mr. Burns's habeas petition failed.

At bottom, Mr. Rafay argues that the undercover officers' threats of violence caused Mr. Burns to give a false confession. Dkt. # 34 at 72. He argues that the Washington Court of Appeals decision—which is at the center of this habeas petition and Mr. Burns's—"made an unreasonable determination of the facts and unreasonably applied the law." *Id.* at 74. Specifically, he argues that the "only reasonable" determination of the facts was that Mr. Rafay and Mr. Burns "falsely confessed because they feared the criminal organization would kill them to keep them quiet if their arrest became imminent." *Id.* And given that, Mr. Rafay says the Washington Court of Appeals misapplied the Supreme Court's decision in *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991). *Id.*

Mr. Burns made a materially identical argument in his habeas action. Amended Petition for Writ of Habeas Corpus at 1-12, *Burns v. Warner*, No. 2:14-cv-00850-MJP, 2015 WL 8969538, at *1 (W.D. Wash. Dec. 16, 2015), ECF No. 23. On the threat of

ORDER – 4

physical violence, Mr. Burns argued that he and Mr. Rafay "were led to believe that if they were arrested, they would be killed to ensure they did not share with authorities information they had learned about the [criminal] organization" and that the "only way to avoid prison was to confess." *Id.* at 6. On the application of clearly established federal law, Mr. Burns concluded that, in applying *Fulminante*, "the Washington Court of Appeals failed to properly consider the totality of the circumstances" and that "the Court of Appeals should have made its determination in favor of the accused." *Id.* at 10.

The district court and the Ninth Circuit rejected this argument in Mr. Burns's habeas action. This Court does the same for Mr. Rafay's habeas action here. Indeed, the Court adopts the Ninth Circuit's holding as its own:

> Unlike the suspect in *Fulminante*, Burns did not apparently confess in direct response to a credible threat of physical violence. *See id.* at 287-88, 111 S.Ct. 1246. In fact, Officer Haslett repeatedly reassured Burns that he would not harm Burns. A reasonable fact finder could conclude that Burns confessed after rationally and deliberately weighing competing alternatives in pursuit of his own goals, which were to destroy incriminating evidence and to join a lucrative criminal enterprise. We therefore conclude that the Washington State Court of Appeals reasonably found that Burns's confession was "the product of an essentially free and unconstrained choice by its maker." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

*Burns v. Warner*, 689 F. App'x 485, 486 (9th Cir. 2017).

Having reviewed the Report, the objections and responses to that, and the remaining record, the Court finds and **ORDERS**:

(1) The Court **GRANTS** Petitioner's Motion for Leave to File Amended and Overlength Objections to Magistrate Judge's Report and Recommendation (Dkt. # 66);

(2) The Court **ADOPTS** the Report and Recommendation (Dkt. # 58);

(3) The Court **DENIES** Petitioner's amended petition for writ of habeas corpus (Dkt. # 34) and **DISMISSES** this action with prejudice;

ORDER – 5

(4) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court **DENIES** a certificate of appealability; and

(5) The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable Mary Alice Theiler.

DATED this 8th day of October, 2020.

							_____
							The Honorable Richard A. Jones
							United States District Judge

ORDER – 6