HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ATIF AHMAD RAFAY,

    Petitioner,

v.

MICHAEL OBENLAND,

    Respondent.

Case No. 2:16-cv-01215-RAJ

**ORDER DENYING RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

## I.  INTRODUCTION

This matter comes before the Court on Petitioner's Rule 59(e) Motion to Alter or Amend Judgment. Dkt. # 76. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, Petitioner's motion is **DENIED**.

## II.  BACKGROUND

Petitioner Atif Ahmad Rafay petitioned this Court for habeas relief. Dkt. # 5. Later, the Honorable Mary Alice Theiler, United States Magistrate Judge, recommended that Mr. Rafay's petition and request for a certificate of appealability be denied. Dkt. # 58. The Court then adopted the 50-page report and recommendation ("R&R") and entered judgment against Mr. Rafay. Dkt. ## 71, 72.

Mr. Rafay now moves to amend the judgment under Federal Rule of Civil

ORDER – 1

Procedure 59(e).  Dkt. # 76.  The motion is fully briefed and ripe for review.

## III.  DISCUSSION

Although a previous order can be reconsidered and amended under Rule 59(e), the rule offers an "extraordinary remedy" to be used sparingly.  A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); Fed. R. Civ. P. 59.  In general, a Rule 59(e) motion may be granted on four grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

Mr. Rafay argues that this Court committed manifest error[1] in denying his habeas petition and entering judgment against him.  The Court finds no such error.

Based on Mr. Rafay's briefing, the "manifest error" that this Court committed was the failure to be persuaded by the arguments that he has made since the beginning of his petition.  He argues that the Court should have granted him habeas relief because his confession was coerced.  Dkt. # 76 at 2-8.  By failing to suppress his confession, he argues, the Washington Court of Appeals misapplied the Supreme Court's decision in

---

[1] Mr. Rafay also claims to bring this motion on "manifest injustice" grounds.  Dkt. # 76 at 8-9.  He argues that the manifest injustice he suffers is a result of the Court's "erroneous decision," making his manifest injustice argument identical to his manifest error argument.  *Id.*  Thus, the Court only addresses the latter.

ORDER – 2

*Arizona v. Fulminante*, 499 U.S. 279, 287 (1991), entitling him to habeas relief. *Id.*

Mr. Rafay has made that argument one, two, three times now. Dkt. # 34 at 70-77 (habeas petition); Dkt. # 66-1 at 10-26 (objection to Magistrate Judge's R&R); Dkt. # 76 at 2-8 (Rule 59(e) motion to amend judgment). The Court has rejected that argument twice before. Dkt. # 58 at 16-19 (R&R); Dkt. # 71 at 4-5 (order adopting, and rejecting objections to, R&R). This is the third. This time, however, the Court need not analyze Mr. Rafay's rehashing of his arguments. Instead, the Court finds that he is simply relitigating old matters, an improper basis for Rule 59(e) amendment. In any event, the argument fails for all the reasons explained in this Court's previous orders. Dkt. # 58 at 16-19; Dkt. # 71 at 3-5.

Similarly, Mr. Rafay has not shown manifest error in this Court's rejection of his second ground for habeas relief, for an ineffective assistance of counsel. Measuring just two paragraphs long, Mr. Rafay's motion simply "wishes to stress to the Court the serious prejudice resulting from his counsel's mistake of law." Dkt. # 76 at 9. This falls far short of what is required to obtain the extraordinary remedy of Rule 59(e) amendment. The Magistrate Judge's supposed "demonstrated miscomprehension" of the silver platter doctrine issue is not sufficient to show manifest error. Mr. Rafay has not shown—here or in his objections to the R&R—why the Court's ultimate conclusion on this ground for relief is incorrect. The Court concluded then and reaffirms now:

> The record as a whole supports the conclusion that there were strategic reasons for counsel's recommendation that petitioner not testify at the suppression hearing. The record also supports the conclusion that petitioner's testimony would likely not have resulted in the suppression of his statements to the undercover officers. . . . The state appellate courts reasonably rejected petitioner's ineffective assistance of counsel claim and petitioner's second ground for federal habeas relief should therefore be denied.

Dkt. # 58 at 24-25; Dkt. # 71.

Finally, Mr. Rafay argues that, though this Court denied his habeas petition, it

ORDER – 3

should have at least granted a certificate of appealability.  Dkt. # 76 at 9-10.  He claims that his arguments are at least subject to reasonable disagreement among jurists.  *Id.*  According to Mr. Rafay, co-defendant Sebastian Burns was granted a certificate of appealability in his habeas action, proof that reasonable jurists could disagree.  But the Court agrees with Respondent: "whatever 'debatability' [Mr. Burns's] claim may have had in 2015 vanished when a unanimous three-judge panel of the Ninth Circuit—the quintessential 'reasonable jurists' for [certificate of appealability] purposes—later concluded [Mr. Burns's] claim was without merit and that the state court reasonably applied *Fulminante*."  Dkt. # 79 at 6.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Rafay's Rule 59(e) Motion to Alter or Amend Judgment.  Dkt. # 76.

DATED this 26th day of August, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4