**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATIF AHMAD RAFAY,<br><br>        Petitioner-Appellant,<br><br>v.<br><br>ERIC JACKSON,<br><br>        Respondent-Appellee. | No. 20-35963<br><br>D.C. No. 2:16-cv-01215-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 16, 2023
Seattle, Washington

Before: PAEZ and VANDYKE, Circuit Judges, and BENITEZ,** District Judge.

Petitioner Atif Rafay appeals the district court's denial of habeas corpus relief on the grounds that his confession was obtained involuntarily through coercion in violation of the Fifth and Fourteenth Amendments and that the trial judge's exclusion of certain evidence violated his right to a complete defense under the Sixth

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.[1] We assume familiarity with the underlying facts and arguments in this appeal.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief for claimed constitutional violations if the underlying state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The term "clearly established Federal law" only "refers to the holdings, as opposed to the dicta, of th[e] Court's decisions." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citation omitted). Under AEDPA, the reviewing court looks to the "last reasoned state-court opinion." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–05 (1991); *accord Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Here, that is the decision by the Washington Court of Appeals affirming Rafay's conviction.

We reject Rafay's argument that AEDPA deference should not apply to the state court's decision to admit his confession. The last reasoned state court decision did not unreasonably apply clearly established law, in this case *Arizona v. Fulminante*, 499 U.S. 279 (1991), to determine that the confessions admitted at trial

---

[1] The motion of the Criminal Lawyers' Association of Ontario, Canada, to file a brief as amicus curiae, Docket Entry No. 29, is granted.

2

were not coerced and that the facts of Rafay's case were sufficiently distinguishable from those present in *Fulminante*. The state appellate court correctly noted that voluntariness of a confession depends on the totality of the circumstances. *Fulminante*, 499 U.S. at 285–86; *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). The court examined the totality of the circumstances as governed by *Fulminante*, and concluded that, unlike the suspect in *Fulminante*, Rafay and Burns were not unusually susceptible to pressure, had not been threatened with physical harm, and were free to break off contact with the undercover operatives at any time.[2] The state court's reliance on (and application of) the correct legal standard necessitates AEDPA deference on review.[3]

Applying AEDPA deference, we conclude that the Washington Court of Appeals neither "arrive[d] at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law," nor "confront[ed] facts that are materially

---

[2] Rafay argues that the decision of the Washington Court of Appeals is contrary to law because the court misstated the federal standards from *State v. Unga*, 165 Wash. 2d 95 (2008). The court's opinion demonstrates, however, that it understood and properly applied the governing totality of the circumstances test set forth in *Fulminante*. Therefore, to the extent there were any errors in the court's opinion, they were minor and did not amount to an application of the wrong legal standard. *See Holland v. Jackson*, 542 U.S. 649, 655 (2004).

[3] It is irrelevant that Canadian courts now disapprove of the Canadian law enforcement investigation techniques at issue. *See generally* Docket Entry Nos. 15, 29. Canada's law of coercion differs from that of the U.S., and for purposes of our review the relevant question is whether the Washington Court of Appeals departed from clearly established U.S. federal law.

3

indistinguishable from a relevant Supreme Court precedent and arrive[d] at a result opposite to [theirs]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The state court reasonably relied on the totality of the circumstances to conclude that, inter alia, there was no "credible threat of physical violence" sufficient to overbear Rafay's will. *See Brown v. Horell*, 644 F.3d 969, 979 (9th Cir. 2011).

Rafay also argues that under the Sixth and Fourteenth Amendments the trial court's exclusion of "other suspect" evidence and the testimony of two proposed defense experts deprived him of the "meaningful opportunity to present a complete defense." We give strong deference to the state courts' application of Washington's rules of evidence in these respects.[4] Even putting aside AEDPA deference, "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). This ordinarily broad deference is heightened under AEDPA: not only does Rafay need to show that Washington's rules of criminal procedure were "arbitrary" or "disproportionate to

---

[4] We also note that the state trial court did admit some evidence of other suspects, leaving defendants free to question the thoroughness of the State's investigation into other suspects.

4

the purposes they [were] designed to serve," *id.*, he also needs to show that reasonable jurists could not disagree with that conclusion. *See Rice v. Collins*, 546 U.S. 333, 341–42 (2006).

Because reasonable minds could disagree about whether the excluded "other suspect" evidence was probative, relief under AEDPA is not merited. *See id.*; *Harrington v. Richter*, 562 U.S. 86, 101 (2011). By requiring that the defendant establish a "foundation" for identifying another suspect, Washington's rules of evidence were neither facially unconstitutional nor applied unconstitutionally. State evidentiary rules requiring a connection between the crime and any other suspect are neither "arbitrary" nor "disproportionate to the purposes they are designed to serve," *Scheffer*, 523 U.S. at 308, but rather are "widely accepted," *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006). *See, e.g.*, *State v. Maupin*, 128 Wash. 2d 918, 924–25 (1996) (en banc). Furthermore, because the Washington Court of Appeals found that the evidence lacked a "nexus" and was too "speculative," the court did not unreasonably apply clearly established federal law.

Reasonable minds could also disagree about whether the testimony of Rafay's two excluded experts might have aided the jury rather than invaded its province— as the trial judge determined—making relief unavailable under AEDPA. *Rice*, 546 U.S. at 341–42; *Harrington*, 562 U.S. at 101. The Washington Court of Appeals reasonably determined that because the proposed expert testimony was "limited" in

scope, the trial court's ruling "did not … unfairly restrict [Rafay's] ability to present a meaningful defense," and thus, was neither "arbitrary" nor "disproportionate." *See Scheffer*, 523 U.S. at 308.

**AFFIRMED.**